UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ARNOLDO ULLOA,<br>309 East 49th Street<br>New York, NY<br>*Individually and on Behalf of All*<br>*Others Similarly Situated,*<br><br>            Plaintiff,<br><br>      v.<br><br>SECURITY ASSURANCE MANAGEMENT, INC.,<br>910 17th Street NW, Suite 220,<br>Washington DC 20006<br><br>      SERVE:   RESIDENT AGENT<br>               Marion Snyder<br>               1377 K Street, N.W.<br>               Washington, DC 20005<br><br>RUSSELL STEPHENS,<br>910 17th Street NW, Suite 220,<br>Washington, DC 20006<br><br>            Defendants. | **Civil Action No.** |

## COMPLAINT

Plaintiff, as and for his Complaint, alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

1.   This is an individual action and proposed collective action under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b). The relief sought is money damages, liquidated damages, interest and costs, including reasonable attorneys' fees and other relief as a result of Defendants, SECURITY ASSURANCE MANAGEMENT, INC. ("SAM") and RUSSELL

1

STEPHENS' commonly applied policy and practice of misclassifying Plaintiff and other similarly situated employees as exempt, in violation of the FLSA provisions governing overtime compensation and off-the-clock work.

2.  Plaintiff brings this action under Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* in connection with Defendants' violation of their statutory obligations to pay Plaintiff for all work performed off-the-clock and for overtime compensation, in an amount equal to one-and-one-half times the rate of regular pay, for work in excess of 40 hours per week, pursuant to 29 U.S.C. §207 (a).

3.  Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed the widespread violations of the FLSA set forth herein.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, a federal statute.

5.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1332 by reason that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

6.  Venue is proper in this District under 28 U.S.C. §1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

7.  SAM is a corporation organized and existing under the laws of the District of Columbia.

8.  SAM is actively doing business in Virginia, District of Columbia and Maryland.

9. SAM maintains a principal place of business located at 910 17th Street NW #220, Washington, D.C. 20006.

10. At all relevant times, Defendant, RUSSELL STEPHENS, is and was the President and CEO of SAM.

11. At all relevant times, Plaintiff was and is a citizen and resident of the City and State of New York.

12. Plaintiff was formerly employed by SAM as a Personal Protection Specialist/Residential Security Agent from approximately March 2008 to June 2011.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13. SAM is a privately owned entity and provider of armed and unarmed security protection guard and patrol services to individuals, corporations and properties in Virginia, District of Columbia and Maryland.

14. SAM operates and controls an enterprise engaged in commerce, with an annual gross volume of business exceeding $500,000.00.

15. At all times material and relevant herein, SAM and RUSSELL STEPHENS were jointly the "employer" of Plaintiff within the meaning of 29 U.S.C §203(d) (hereinafter collectively referred to as "SAM")

16. SAM either directly or indirectly hired Plaintiff; controlled Plaintiff's work schedules and conditions of employment; determined the rate and method of the payment of wages; and kept at least some records regarding his employment.

17. At all relevant times herein, SAM controlled the work schedules, duties, protocols, applications, assignments and conditions of employment of Plaintiff and all putative members of the Class.

18. Upon information and belief, SAM never posted a notice explaining the minimum hourly wage and overtime pay rights provided by FLSA in any area of its business facility where Plaintiff was employed, in violation of 29 C.F.R. §516.4.

19. Plaintiff was regularly required and did work well over 40 hours per week.

20. Plaintiff's gross weekly salary varied.

21. Plaintiff was paid a set amount for each shift of work.

22. The amount paid in wages for a day's shift did not vary, regardless of the number of hours Plaintiff worked that day.

23. If Plaintiff did not work, he did not receive wages for that day.

24. Upon information and belief, putative members of the class received their wages/compensation from SAM in the same manner as hereinabove described.

25. During the applicable statutory period, no overtime compensation was ever paid to Plaintiff by SAM, for work weeks in excess of 40 hours.

26. Upon information and belief, during the applicable statutory period, no overtime compensation was ever paid by SAM to putative members of the class, for work weeks in excess of 40 hours.

27. SAM willfully, intentionally and knowingly treated Plaintiff and putative members of the Class as exempt under § 213(a) of the FLSA, from the statute's overtime pay requirements.

28. Plaintiff and putative members of the Class did not qualify as exempt employees, as defined by the applicable Federal regulations.

29. SAM'S failure to pay overtime compensation, as alleged herein, in violation of federal law, has been willful, arbitrary, unreasonable and/or in bad faith.

30. During the applicable statutory period, Plaintiff and putative members of the class were expressly instructed and required by SAM to work "off the clock" hours each week.

31. During the applicable statutory period, Plaintiff and putative members of the class were not paid compensation by SAM, for "off the clock" hours worked each week.

32. SAM'S failure to pay compensation to Plaintiff and putative class members compensation for off-the-clock hours, as alleged herein, was willful, arbitrary, unreasonable and/or in bad faith.

33. Upon information and belief, at all times material and relevant herein, SAM failed to keep full and accurate records of hours and wages, in violation of 29 C.F.R. §§ 516.5 and 516.6.

34. Starting more than three (3) years ago and continuing to present, Plaintiff and putative members of the Class, have been working in the manner described above and SAM has encouraged, instructed and required them to work in this manner.

41. SAM'S wrongful acts and/ or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval or interpretation by the U.S. Department of Labor or any State Wage and Hour Bureau or the respective administrative practices or enforcement policies of such departments.

42. As a result of the foregoing, Plaintiff and putative members of the class were illegally deprived of wages for off-the-clock hours worked and overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C.§216 (b).

## COLLECTIVE ACTION ALLEGATIONS

43    Plaintiff brings this action on behalf of himself and all other similarly situated employees, present and former, who were and/or are affected by the actions, policies and procedures of Defendants, as described herein.

44.   The Class is defined as follows:

(a)   All current and former employees of SAM who were/are employed as Personal Protection Specialists/Residential Security Agents in Virginia, District of Columbia and Maryland during the applicable statutory period from December 2008 to present, who were misclassified as exempt and not paid overtime compensation for all work weeks, in excess of 40 hours.

(b)   All current and former employees of SAM who were/are employed as Personal Protection Specialists/Residential Security Agents in Virginia, District of Columbia and Maryland during the applicable statutory period from December 2008 to present, who were not paid compensation for off-the-clock time worked prior and subsequent to their designated shifts.

45.   Plaintiff reserves the right to amend said Class definition consistent with information obtained through discovery.

46.   This is an appropriate collective or representative action under Fair Labor Standards Act, 29 U.S.C. § 216 (b) because the Plaintiff and putative class members are similarly situated in that they are all subject to SAM'S common plan of practice of (a) misclassifying their work as exempt, when in fact, it is non-exempt work under the law; (b) refusing to pay overtime compensation for work weeks in excess of 40 hours; and (c) failing to pay compensation for all off-the-clock hours worked.

47.   All members of the putative class have been subjected to SAM'S willful and intentional violation of its statutory obligation to pay off-the-clock compensation and overtime pay at a rate

of 1.5 times regular hourly pay, to all non-exempt employees for all work weeks in excess of 40 hours per week.

48.     The putative members of the class are so numerous that joinder of all members is impractical, if not impossible, and a collective action is the only available method for the fair and efficient adjudication of this controversy, which on information and belief, involves more than forty (40) individuals.

49.     Plaintiff and the putative members of the class share a community of interests in that there are numerous common questions of fact and law which predominate over any questions and issues solely affecting individual members. As such, a collective action is superior to other methods for the fair and efficient adjudication of the controversy.

50.     Questions of fact and law common to the Class which predominate over any questions affecting only individual members include:

(a)     Whether SAM violated and continues to contravene the FLSA by failing to pay overtime wages for all work weeks in excess of 40 hours to Plaintiff and putative members of the Class who are or have been employed as Personal Protection Specialists/Residential Security Agents in Virginia, Maryland and District of Columbia.

(b)     Whether SAM violated and continues to contravene the FLSA by failing to pay compensation for off-the-clock hours, that Plaintiff and putative members of the class have worked.

(c)     Whether former and current Personal Protection Specialists/Residential Security Agents employed by SAM during the applicable statutory period, qualify for exemption.

51. This litigation is properly brought as a Collective Action because Plaintiff's claims are typical of the claims of the Class. Like all putative class members, Plaintiff sustained pecuniary loss as a result of SAM'S common course of conduct in violation of the FLSA, as alleged herein.

52. Since the damages suffered by the individual class members, while not inconsequential, may be relatively small, should separate actions be brought or be required of each individual putative class member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants; would create the risk of inconsistent rulings, which might be dispositive of the interests of other class members who are not parties to the adjudication and/or may substantially impede their ability to adequately protect their interests.

53. Plaintiff is an adequate representative of the FLSA putative class and is not subject to any individual defenses unique from those conceivably applicable to the class as a whole.

54. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in litigation of this nature. Plaintiff does not anticipate any management difficulties in this litigation.

## FIRST CLAIM FOR RELIEF

### (Individual Claim for Violation of the FLSA Overtime Provisions)

55. Plaintiff repeats each allegation of the Complaint designated "1" through "54" inclusive, as if fully set forth herein.

56. SAM has willfully and intentionally engaged in a persistent pattern and practice of violating the provisions of the FLSA as detailed herein, by misclassifying Plaintiff, employed as a Personal Protection Specialist/Residential Security Agent, as "exempt."

57. SAM has willfully and intentionally engaged in a persistent pattern and practice of violating the provisions of the FLSA as detailed herein by systematically failing and refusing to

pay Plaintiff any overtime compensation for hours in a work week in excess of 40, at a rate of 1.5 times his regular rate of pay.

58. SAM'S conduct in failing to pay Plaintiff his earned overtime premiums was unreasonable, arbitrary and/or in bad faith, in that SAM, by its agents, servants and/or employees knew or should have known that Plaintiff was non-exempt and entitled to be paid for his overtime work.

60. SAM'S conduct in failing to pay Plaintiff his earned overtime premiums was unreasonable, arbitrary and/or in bad faith in that it was not in conformity with and in reliance on any written administrative regulation, order, ruling, approval or interpretation by the U.S. Department of Labor, any state Wage and Hour Bureau, or any administrative practices or enforcement policies of such departments or bureaus.

61. Because SAM willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to each such violation, pursuant to 29 U.S.C. § 255.

62. As a result of the foregoing, Plaintiff has been illegally deprived of wages for earned overtime compensation, in such amounts to be determined at trial, and is entitled to recovery of such unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C.§216 (b).

**SECOND CLAIM FOR RELIEF**
**(Individual Claims for Violation of the FLSA Off-the-Clock Provisions)**

63. Plaintiff repeats each allegation of the Complaint designated "1" through "54"and "56" through "62," as if fully set forth herein.

64. During the applicable statutory period, Plaintiff was expressly instructed and required by SAM to work "off the clock" hours each week.

9

65. During the applicable statutory period, Plaintiff was required each day, to report to work 15 minutes before the commencement of his designated shift.

66. During the applicable statutory period, Plaintiff was regularly required by SAM, to work after the conclusion of his designated shift.

67. During the applicable statutory period, Plaintiff was not paid compensation by SAM, for "off the clock" hours worked each week, as described above.

68. SAM'S failure to pay compensation to Plaintiff for off-the-clock hours, as alleged herein, was willful, arbitrary, unreasonable and/or in bad faith.

69. SAM'S conduct in failing to pay Plaintiff for off-the-clock hours, was unreasonable, arbitrary and/or in bad faith in that it was not in conformity with and in reliance on any written administrative regulation, order, ruling, approval or interpretation by the U.S. Department of Labor, any state Wage and Hour Bureau, or any administrative practices or enforcement policies of such departments or bureaus.

70. Because SAM willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to each such violation, pursuant to 29 U.S.C. § 255.

71. As a result of the foregoing, Plaintiff has been illegally deprived of wages for off-the-clock hours worked during the applicable statutory period, in such amounts to be determined at trial, and is entitled to recovery of such unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C.§216 (b).

### THIRD CLAIM FOR RELIEF
(Collective Claims for Violation of the FLSA Overtime Provisions)

72. Plaintiff repeats each allegation of the Complaint designated "1" through "54"and "56" through "62," and "64" through "71 as if fully set forth herein

73. SAM has willfully and intentionally engaged in a persistent pattern and practice of violating the provisions of the FLSA as detailed herein, by misclassifying Plaintiff and putative members of the class, employed as a Personal Protection Specialists/Residential Security Agents, as "exempt."

74. SAM has willfully and intentionally engaged in a persistent pattern and practice of violating the provisions of the FLSA as detailed herein by systematically failing and refusing to pay Plaintiff and putative members of the class, any overtime compensation for hours in a work week in excess of 40, at a rate of 1.5 times their regular rate of pay.

75. SAM'S conduct in failing to pay Plaintiff and putative members of the class their earned overtime premiums was unreasonable, arbitrary and/or in bad faith, in that SAM, by its agents, servants and/or employees knew or should have known that Plaintiff and putative members of the class were non-exempt and entitled to be paid for their overtime work.

76. SAM'S conduct in failing to pay Plaintiff and putative members of the class their earned overtime premiums was unreasonable, arbitrary and/or in bad faith in that it was not in conformity with and in reliance on any written administrative regulation, order, ruling, approval or interpretation by the U.S. Department of Labor, any state Wage and Hour Bureau, or any administrative practices or enforcement policies of such departments or bureaus.

77. Because SAM willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to each such violation, pursuant to 29 U.S.C. § 255.

78. As a result of the foregoing, Plaintiff and putative members of the class have been illegally deprived of wages for earned overtime compensation, in such amounts to be determined at trial, and are entitled to recovery of such unpaid amounts, liquidated damages,

pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C.§216 (b).

### FOURTH CLAIM FOR RELIEF
**(Collective Claims for Violation of the FLSA Off-the-Clock Provisions)**

79. Plaintiff repeats each allegation of the Complaint designated "1" through "54"and "56" through "62," "64" through "71 and "73" through "78, as if fully set forth herein.

80. During the applicable statutory period, Plaintiff and putative members of the class were expressly instructed and required by SAM to work "off the clock" hours each week.

81. During the applicable statutory period, Plaintiff and putative members of the class were required each day, to report to work 15 minutes before the commencement of their respective designated shifts.

82. During the applicable statutory period, Plaintiff and putative members of the class were regularly required by SAM, to work after the conclusion of their respective designated shifts.

83. During the applicable statutory period, Plaintiff and putative members of the class were not paid compensation by SAM, for "off the clock" hours worked each week, as described above.

84. SAM'S failure to pay compensation to Plaintiff and putative members of the class for off-the-clock hours, as alleged herein, was willful, arbitrary, unreasonable and/or in bad faith.

85. SAM'S conduct in failing to pay Plaintiff and putative members of the class for off-the-clock hours, was unreasonable, arbitrary and/or in bad faith in that it was not in conformity with and in reliance on any written administrative regulation, order, ruling, approval or interpretation by the U.S. Department of Labor, any state Wage and Hour Bureau, or any administrative practices or enforcement policies of such departments or bureaus.

86. Because SAM willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to each such violation, pursuant to 29 U.S.C. § 255.

87. As a result of the foregoing, Plaintiff and putative members of the class have been illegally deprived of wages for off-the-clock hours worked during the applicable statutory period, in such amounts to be determined at trial, and are entitled to recovery of such unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. §216.

### PRAYER FOR RELIEF

**WHEREFORE, Plaintiff prays for declaratory relief and damages as follows:**

(a) A declaratory judgment that SAM'S practices alleged herein violate the FLSA;

(b) Judgment for unpaid off-the-clock wages to which Plaintiff and similarly situated Class Members are lawfully entitled pursuant to 29 U.S.C. § 216(b);

(c) Judgment for unpaid overtime pay to which Plaintiff and similarly situated Class Members are lawfully entitled pursuant to 29 U.S.C. § 216(b);

(d) Judgment for liquidated damages to which Plaintiff and similarly situated Class Members are lawfully entitled pursuant to 29 U.S.C. § 216(b);

(e) An order directing SAM to pay Plaintiff and similarly situated Class Members reasonable attorney's fees and all costs connected with this action.

(f) Such other and further relief as this Court may deem just and proper.

Dated:  January 13, 2012

THE RUBIN EMPLOYMENT LAW

_____
James Edward Rubin, (Bar No.456945)
E-mail: jrubin@rubinemploymentlaw.com
The Rubin Employment Law Firm, PC
11 North Washington Street, Suite 520
Rockville, MD
Tel: 301-760-7914
Fax:301-838-0322

Steven Bennett Blau
**BLAU, BROWN & LEONARD LLC**
54 W. 21st Street, Suite 1009
New York, New York 10010
(212) 725-7272
(212) 488-4848 Facsimile
sblau@bbpc-law.com

*Attorneys for Plaintiffs*

14