UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ARNOLDO ULLOA,<br>*Individually and on Behalf of All*<br>*Others Similarly Situated,*<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SECURITY ASSURANCE MANAGEMENT, INC.<br>And RUSSELL STEPHENS,<br><br>　　　　　　　　　　Defendants. | Civil Action No.: 12-cv-00075-RWR |

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

Plaintiff, by and through his undersigned counsel, hereby moves pursuant to Federal Rules of Civil Procedure 37(b) for attorneys' fees for Defendants failure to comply with multiple discovery orders.

**INTRODUCTION**

Plaintiff seek attorneys' fees for Defendants outrageous and inappropriate conduct. In lieu of needless repetition of the facts, which this Honorable Court is most definitely aware of, the attached forty-five (45) page correspondence to counsel for the Defendants, Robert J. Hickey, Esq., sets forth the most recent developments and activities which form the basis of the instant application. (Exhibit "A")[1].

A Joint Rule 16 Statement was Court Ordered on three (3) occasions, March 13, 2012; April 12, 2012; and most recently on May 8, 2012, pursuant to Rule 16.3 and Fed. R. Civ. P. 26(f). The Court has already directed, twice, that defense counsel "Show Cause" for his improper conduct in failing to

---

[1] Pursuant to LCvR 7(m) counsel placed a telephone call to Mr. Hickey in a good faith effort to avoid motion practice. Mr. Hickey would not speak to us and has not responded to our letter or telephone message. In light of the fact that the Court Ordered the Joint Rule 16 Statement be filed today, we respectfully request that these efforts to speak to Mr. Hickey satisfy the local rules.

take responsibility for conferring with Plaintiff's counsel pursuant to Rule 26(f) and Local Civil Rule 16.3 and submitting a joint Rule 16.3 Statement.

On May 8, 2012, the Court Ordered that the Rule 16 Statement be filed today, May 18, 2012. Exhibit "A" outlines Plaintiff's attempt to assist Mr. Hickey in complying with the Court's Order, which included 4 – 5 hours of attorney time to redraft Mr. Hickey's proposed Rule 16 Statement. Today, ten (10) minutes before the scheduled meet and confer, Plaintiff's counsel received a letter from Mr. Hickey cancelling the telephone conference. (Exhibit "A"). Mr. Hickey then proceeded to demand a full day for a telephone conference to confer on the Joint Rule 16 Statement next week. Mr. Hickey was informed in writing many times of the obligation to file the Joint Rule 16 Statement today.

Counsel for the Plaintiff are exasperated. We have in good faith, and with over twenty five (25) unnecessary attorney hours, attempted to work with Mr. Hickey and uphold all Court obligations.

## ARGUMENT

Rule 37 (b) states as follows:

FAILURE TO COMPLY WITH A COURT ORDER,

(1) *Sanctions in the District Where the Deposition Is Taken.* If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court.

(2) *Sanctions in the District Where the Action Is Pending.*

(A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

2

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

(B) *For Not Producing a Person for Examination.* If a party fails to comply with an order under Rule 35(a) requiring it to produce another person for examination, the court may issue any of the orders listed in Rule 37(b)(2)(A)(i)–(vi), unless the disobedient party shows that it cannot produce the other person.

(C) *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Defendants and their counsel have failed to obey three (3) Court Orders. As such, Plaintiff has been forced to spend unnecessary time, resources and money.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court, pursuant to Rule 37(b), directs the Defendants and their attorney, Mr. Hickey, to pay the reasonable expenses, including attorneys' fees, caused by this conduct, and for any such further relief this Court deems appropriate and just.

Dated: May 18, 2012
New York, New York

Respectfully Submitted,
**BLAU BROWN & LEONARD, LLC.**

/Shelly A. Leonard
*Pro Hac Vice*
224 West 30th Street, Suite 809
New York, New York 10001
Telephone: (212)725-7272
**THE RUBIN EMPLOYMENT LAW FIRM, P.C.**
James E. Rubin, Bar No. 15605
11 North Washington Street, Suite 520
Rockville, MD 20850
Telephone: (301) 760-7914

3